HALL HUGUENIN LLP
HOWARD D. HALL, State Bar No. 145024
  *hhall@hhlawyers.com*
WILLIAM E. ALSNAUER, JR., State Bar No. 115345
  *balsnauer@hhlawyers.com*
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Defendant NATIONSTAR MORTGAGE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| JOHN C. TORRES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>NATIONSTAR MORTGAGE LLC; AZTEC FORECLOSURE CORPORATION; and DOES 1-10, Inclusive,<br><br>　　　　Defendants. | CASE NO. 5:17-cv-01527-DSF-JEM<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>JUDGE:　　Hon. Dale S. Fischer<br>DATE FILED:　July 31, 2017<br>TRIAL DATE:　November 6, 2018 |

The Court having ordered counsel for Defendant Nationstar Mortgage LLC ("Nationstar") to submit a [Proposed] Protective Order ("Order") within five (5) days of the February 12, 2018 Settlement Conference, counsel for Nationstar having submitted said Order, the Court having reviewed said Order, to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, privacy rights and/or contain proprietary information, confidential information, and/or trade secrets and good cause appearing therefor

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

　　1.　　In this Order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceeding, Case No. 5:17-cv-01527-DSF-JEM.

b. "Court" means the Honorable Dale S. Fischer, the Honorable John E. McDermott, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Designating Party" means the Party that designates Materials as "Confidential."

d. "Confidential" means any information which is in the possession of a Designating Party who believes, in good faith, that such information is entitled to confidential treatment under applicable law.

e. "Confidential Discovery Materials" means any Documents, Testimony or Information, as defined below, designated as "Confidential" pursuant to the provisions of this Order or any Documents, Testimony or Information that the Court orders a Party to provide to another Party or Parties.

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California *Evidence Code* Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h. "Information" means the content of Documents or Testimony.

i. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party, in good faith, believes to contain non-public information, including

information that is confidential, proprietary, or a trade secret, that is entitled to confidential treatment under applicable law.

3. The entry of this Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

    b. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within thirty (30) days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court

3    Case No. 5:17-cv-01527-DSF-JEM
[PROPOSED] PROTECTIVE ORDER
C:\Users\santhony\AppData\Local\Temp\notes97E53A\[Proposed] Protective Order.docx

1 reporter, who must affix to the top of each page the legend "Confidential," as
2 instructed by the Designating Party.

3       c.      For Information produced in some form other than Documents,
4 and for any other tangible items, including, without limitation, compact discs or
5 DVDs, the Designating Party must affix in a prominent place on the exterior of the
6 container or containers in which the Information or item is stored the legend
7 "Confidential." If only portions of the Information or item warrant protection, the
8 Designating Party, to the extent practicable, shall identify the "Confidential"
9 portions.

10      5.     The inadvertent production by any of the undersigned Parties or non-
11 Parties to the Proceedings of any Document, Testimony or Information during
12 discovery in this Proceeding without a "Confidential" designation, shall be without
13 prejudice to any claim that such item is "Confidential" and such Party shall not be
14 held to have waived any rights by such inadvertent production. In the event that any
15 Document, Testimony or Information that is subject to a "Confidential" designation
16 is inadvertently produced without such designation, the Party that inadvertently
17 produced the document shall give written notice of such inadvertent production
18 within twenty (20) days of discovery of the inadvertent production, together with a
19 further copy of the subject Document, Testimony or Information designated as
20 "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such
21 Inadvertent Production Notice, the Party that received the inadvertently produced
22 Document, Testimony or Information shall promptly destroy the inadvertently
23 produced Document, Testimony or Information and all copies thereof, or, at the
24 expense of the producing Party, return such together with all copies of such
25 Document, Testimony or Information to counsel for the producing Party and shall
26 retain only the "Confidential" designated Materials. Should the receiving Party
27 choose to destroy such inadvertently produced Document, Testimony or
28 Information, the receiving Party shall notify the producing Party in writing of such

4    Case No. 5:17-cv-01527-DSF-JEM
[PROPOSED] PROTECTIVE ORDER
C:\Users\santhony\AppData\Local\Temp\notes97E53A\[Proposed] Protective Order.docx

destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7. Confidential Discovery Material shall be used only for the prosecution and/or defense of this Proceeding, and under no circumstances, other than those

specifically provided for in this or subsequent Court Orders, shall Confidential Discovery Material be disclosed to persons other than the following:

    a. Outside or house counsel who have appeared in this Proceeding or who are actively engaged in the preparation of this Proceeding and the regular and temporary employees of such counsel assisting in the conduct of this Proceeding,

    b. Employees of any firm retained to reproduce the Confidential Discovery Material for use in accordance with this Stipulated Order, which shall include, but is not limited to, any document copying service who copies the Confidential Discovery Material;

    c. Experts or consultants for any Party assisting counsel in this Proceeding;

    d. Parties to this Proceeding;

    e. Directors, officers, and employees of parties to this Proceeding who are noticed for depositions or designated as trial witnesses and their counsel, or who are identified on the face of the Confidential Discovery Material as an author, addressee, subject or recipient of the Confidential Discovery Material;

    f. Non-party deponents, trial witnesses and their counsel during the course of depositions in and trial of this Proceeding, but only for purposes relating to this Proceeding;

    g. The Court and its administrative personnel, any Mediator and administrative staff of the Mediator serving in this case, and any Certified Shorthand Reporter and administrative staff of the Certified Shorthand Reporter;

    h. Other persons, but only upon further order of the Court or upon the written stipulation of the Parties, to whom the Party must produce the Confidential Discovery Material.

    8. Confidential Discovery Material may be disclosed pursuant to paragraph 7, above, upon the condition that said Material shall be used by any such

[PROPOSED] PROTECTIVE ORDER
C:\Users\santhony\AppData\Local\Temp\notes97E53A\[Proposed] Protective Order.docx

person only for the purposes of this legal action and for no other purpose. Before disclosure is made to any such person, other than counsel, the Court and its administrative personnel, a Mediator and administrative staff of a Mediator or a Certified Shorthand Reporter and administrative staff of the Certified Shorthand Reporter, such person shall sign a "Confidential Discovery Material Agreement," stating that he/she has read a copy of this Order and agrees to be bound by its provisions. Counsel disclosing the Confidential Discovery Material to any person identified in paragraph 7 above, other than counsel, the Court and its administrative personnel, a Mediator and administrative staff of a Mediator, or a Certified Shorthand Reporter and administrative staff of the Certified Shorthand Reporter, shall be responsible for providing copies of the Order and a Confidential Discovery Material Agreement to any person receiving the Confidential Discovery Material and shall obtain the signature of the recipient of Confidential Discovery Material on the Confidential Discovery Material Agreement.

9. Whenever any Confidential Discovery Material is introduced or elicited at a deposition, pretrial hearing or other pretrial proceeding, such portions of the proceedings which concern the Confidential Discovery Material shall be conducted so that only those persons authorized hereunder to have access to such matter shall be present. Prior to introducing or eliciting Confidential Discovery Material at the trial of this action, the party seeking to introduce or elicit the Confidential Discovery Material shall notify the Court and counsel of its intent to introduce or elicit such matter, specifying with particularity such matter, and the Court shall first determine such Confidential Discovery Material should properly be introduced at trial, and, if so, whether the portions of the trial which concern the matter so specified shall be conducted so that only those persons authorized hereunder and the jury in the case are present.

10. In the event that counsel for any party determines to submit to this Court any Confidential Discovery Material or information derived therefrom, or any

1 papers containing or making reference to such Confidential Discovery Material or
2 information, such documents shall be filed only in a sealed envelope on which a
3 statement substantially in the following form shall be written:

**CONFIDENTIAL: SUBJECT TO COURT PROTECTIVE ORDER**

**This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing use of Confidential Discovery Material**.

All such material so filed shall be maintained by the Clerk of the Court separate and apart from the public records in this action and shall be released only upon further Order of the Court.

Upon written request made within (30) days after settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in it files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court); (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials; or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law, the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

Dated: February 26, 2018

John E. McDermott
United States Magistrate Judge